UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 07-01215 SJO | Date | November 18, 2008 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|

| Interpreter | None |
|---|---|

| Victor Cruz | Not Present | Rosalind Wang |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present Cust. Bond | Attorneys for Defendant: | Present App. Ret. |
|---|---|---|---|
| (5) Oscar Dillon | No | John P. Rogers | No |

**Proceedings:**   **IN COURT**

ORDER DENYING DEFENDANT OSCAR DILLON'S MOTION TO EXCLUDE WIRETAP EVIDENCE OF DEMARCO BOHLEN AND JEREMY STEELE TITLE III
[Docket No. 530]

## I.   INTRODUCTION

This matter is before the Court on Defendant Oscar Dillon's ("Dillon") Motion to Exclude Wiretap Evidence of Demarco Bohlen and Jeremy Steele Title III, filed October 3, 2008.  Plaintiff United States of America (the "Government") filed an Opposition.

## II.   BACKGROUND

On September 25, 2008, more than seven weeks prior to the scheduled trial date in this case, the Government mailed Dillon six compact discs containing applications, recordings, and text summaries of Title III wiretap investigations undertaken in the Eastern District of Missouri.  (*See* Notice of Mot. & Def.'s Mot. to Exclude Wiretap Evidence of Demarco Bohlen & Jeremy Steele Title III ("Def.'s Mot.") 1.)  The wiretaps targeted phones of Defendant Jeremy Steele, an alleged co-conspirator of Dillon, and Demarco Bohlen.  (*See* Def.'s Mot. 1.)  Four of the compact discs contain audio files, one contains call summaries for all 3,000 calls in addition to some audio finals, and the final disc contains all of the wiretap affidavits.  (Government's Opp'n to Def. Oscar Dillon's Mot. to Exclude Jeremy Steel Wiretap Evidence ("Government's Opp'n") 2.)  Although the wiretaps did not intercept a single call to or from Dillon himself, other individuals mentioned Dillon by his alleged nickname, "Muscles," in approximately seven calls. (*See* Def.'s Mot. 1; Government's Opp'n 2.)

## III.   DISCUSSION

In his Motion to Suppress, Dillon argues that the wiretap evidence should be excluded from trial because the Government only recently provided it to him.  (*See* Def.'s Mot. 2.)  In opposition, the Government contends that the evidence is admissible, as Dillon has not shown that he was prejudiced by receiving the wiretap evidence approximately two months before trial.  (*See* Government's Opp'n 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      Pursuant to Federal Rule of Criminal Procedure 16, the government, upon a defense request, must permit the defense "to inspect and to copy" any documents or data in the government's possession, custody, or control if the documents or data are material to preparing the defense, if the government intends to use them at trial, or if the item was obtained from or belongs to the defendant.  *See* Fed. R. Crim. P. 16(a)(1)(E).  A district court has authority to set discovery and disclosure deadlines and may exclude documents and other evidence for failure to comply with such deadlines.  *See United States v. W.R. Grace*, 526 F.3d 499, 515–16 & n.13 (9th Cir. 2008) (internal citations omitted); *United States v. Schwartz*, 857 F.2d 655, 658–59 (9th Cir. 1988)*.*  The Discovery and Trial Order for criminal cases in this Court requires the government to comply with the discovery rules contained in the Federal Rules of Criminal Procedure and specifies that, within seven days of the trial date, the government must inform defense counsel "of the existence or non-existence of any evidence in the possession of the government obtained as the result of electronic surveillance or wiretap." (Disc. & Trial Order in Criminal Cases Before Judge S. James Otero United States District Court ("Disc. & Trial Order") R. 8.b.vii.)

      Here, the Government provided the wiretap evidence at issue to Dillon more than seven weeks before the trial date in full compliance with the discovery deadlines set by this Court, which require notice only seven days prior to trial.  (*See* Def.'s Mot. 1; Disc. & Trial Order R. 8.b.vii.)  Because there was no discovery violation, evidentiary sanctions are inappropriate.  *See Schwartz*, 857 F.2d at 658–59.  Therefore, Defendant's Motion to Suppress is DENIED.

      IT IS SO ORDERED.

                                                                                    :

                                                Initials of Deputy Clerk

cc: